

FILED

2010 APR 15  AM 8: 14

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO SANCHEZ,<br><br>                          Plaintiff,<br>vs.<br><br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA; et al.,<br><br>                          Defendants. | CASE NO. 10-CV-0218 BEN (WVG)<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>[Docket No. 6] |

       Currently before this Court is a Motion for Preliminary Injunction ("Motion") filed by Plaintiff in the above-captioned case. On February 5, 2010, Judge Sammartino directed Plaintiff to serve the Complaint and file appropriate proofs of service with the Court before the Court would set a hearing on the Motion. On February 12, 2010, Plaintiff filed several proofs of service reflecting service of the summons on various defendants. On March 1, 2010, the case was reassigned to Judge Benitez. The Court now finds the Motion suitable for disposition on the papers without oral argument pursuant to Local Civil Rule 7.1.d. For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

       This action arises from Plaintiff's use of health care services at a health care clinic operated by North County Health Services Corporation ("NCHS"). Plaintiff alleges he filed letters of complaint with NCHS regarding patient care issues. (Compl., pgs. 2-3.) Plaintiff alleges that after making those complaints NCHS notified him that it would no longer provide him with services and accused him of

rude and threatening behavior to staff. *Id.* Plaintiff alleges that on or around January 15, 2010, NCHS commenced an action against him in San Diego Superior Court (the "State Court Action"), but did not serve him with a complaint or other documents. *Id.* At an ex parte hearing in the State Court Action, NCHS obtained a temporary restraining order against Plaintiff based on his alleged misconduct towards a nurse. *Id.* Plaintiff alleges he did not receive a timely copy of the ex parte papers. *Id.* at pg. 3. Plaintiff further alleges he was denied access to view his files and was denied an opportunity to defend himself in the State Court Action. *Id.* at pgs. 4-5. The State Court Action is currently pending in the North County Division of the San Diego Superior Court.

On January 28, 2010, Plaintiff initiated this action in this Court. On February 2, 2010, Plaintiff filed a Motion for Preliminary Injunction. (Docket No. 6.) The Motion seeks to oppose the issuance of the temporary restraining order in the State Court Action. The Motion is unclear, however, about what relief is sought.

## DISCUSSION

"[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (internal citation omitted). A plaintiff seeking a preliminary injunction must establish that he or she is likely to succeed on the merits, that he or she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his or her favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008). However, pursuant to the Anti-Injunction Act, a federal court may not enjoin proceedings in a state court except where expressly authorized by Congress, where necessary in aid of its jurisdiction, or to protect its judgments. 28 U.S.C. § 2283. "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).

Plaintiff has not stated how or why he would suffer irreparable injury absent injunctive relief, nor has he explained the lack of adequate legal remedies. Plaintiff has also not demonstrated that he is likely to prevail on the merits of his claim or that the balance of equities tips in his favor. There is

no evidence in the record that an injunction in this case would be in the public interest. Therefore, the Court finds that Plaintiff has failed to satisfy the elements necessary for a preliminary injunction. To the extent Plaintiff seeks to enjoin enforcement of the temporary restraining order issued in the pending State Court Action, this Court is clearly without jurisdiction to do so, pursuant to the Anti-Injunction Act codified in 28 U.S.C. § 2283. Accordingly, Plaintiff's request for a preliminary injunction is denied.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction. (Docket No. 6.)

**IT IS SO ORDERED.**

Date: April 14, 2010

Hon. Roger T. Benitez
United States District Court Judge