FILED

2010 MAY 27  AM 11: 16

CLERK US ...
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO SANCHEZ,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SAN DIEGO NORTH COUNTY DIVISION; et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10-cv-0218 BEN (WVG)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br>[Docket Nos. 27, 31, 39] |

Currently before this Court is Plaintiff's motion for leave to file a first amended complaint (Docket No. 39), Defendant Superior Court of the State of California County of San Diego North County Division's ("Superior Court's") motion to dismiss (Docket No. 31), and the remaining Defendants' motion to dismiss, or in the alternative, motion to strike (Docket No. 27). For the reasons set forth below, the Court **DENIES** Plaintiff's motion to amend and **GRANTS** Defendants' motions to dismiss.

## BACKGROUND

This action arises from the termination of services provided by a health care clinic and events occurring in a related civil action in San Diego Superior Court.

On January 15, 2010, North County Health Services ("NCHS") filed a complaint against

Plaintiff in San Diego Superior Court, alleging harassment (the "State Court Action"). (RJN,[1] Ex. 2.) At the same time, NCHS filed an application for temporary restraining order ("TRO") against Plaintiff, which was granted. (RJN, Ex. 4-13, 4-17.) The TRO application was made on the grounds that Plaintiff made numerous visits to NCHS, asking for information about a specific individual named Tiffani Mauro, the Vice President of Operations for NCHS. (RJN, Ex. 4-14.) According to Plaintiff, Ms. Mauro reviewed Plaintiff's internal complaints against NCHS[2] and was one of the reasons NCHS terminated services to Plaintiff. (Compl., pgs. 2-3.)

In this case, Plaintiff alleges NCHS' termination of services was wrongful. Plaintiff also alleges he never received a copy of NCHS' complaint and never received a copy of the TRO papers prior to the hearing. Plaintiff alleges he visited the Superior Court to view his case file, but was denied access on two occasions. Plaintiff also alleges that, on January 26, 2010, he received a letter from NCHS, notifying him of an ex parte hearing to be held the next day. (Compl., pg. 3.) The letter stated the purpose of the hearing was to retract certain internal notes of NCHS that were inadvertently filed with the TRO application. (Compl., Ex. 2.) Plaintiff alleges he appeared at the hearing but the State Court Judge did not permit him to testify, granted the ex parte motion without moving papers, and sealed certain "public documents" after "making back alley deals" with NCHS. (Compl., pgs. 4-5.)

Plaintiff alleges he was denied an opportunity to defend himself and denied access to the courts. Plaintiff further alleges he is a disabled, Hispanic individual and Defendants' misconduct constituted harassment, defamation, racial discrimination and discrimination against disabled individuals. Plaintiff alleges this unfair treatment was in retaliation for his prior complaints to NCHS based on the alleged low level of patient care. Plaintiff alleges Defendants' misconduct caused him to lose all of his possessions, including his birth certificate, and he has suffered monetary damages in the amount of $150,000. (Compl., pg. 7.)

---

[1] "RJN" refers to Defendant Superior Court's Request for Judicial Notice (Docket No. 31-2) filed in support of its motion to dismiss. Pursuant to Federal Rule of Evidence 201, the Court grants Defendant Superior Court's request for judicial notice of the documents set forth therein.

[2] According to Plaintiff, these complaints were internal grievances submitted to NCHS based on (1) the alleged inappropriate painting of NCHS' wait room during business hours; (2) the alleged failure to have the H1N1 vaccination readily available for children, such as Plaintiff's children, with respiratory problems; and (3) the long delay in filling prescriptions. (Compl., pgs. 2-3.)

On January 28, 2010, Plaintiff initiated the present action. Plaintiff asserts eight causes of action: (1) Denial of Access to Courts (First Cause of Action); (2) Racial Discrimination (Second Cause of Action); (3) Violation of Due Process and Equal Protection under the Fourteenth Amendment (Third Cause of Action): (4) Defamation (Fourth Cause of Action); (5) Harassment (Fifth Cause of Action); (6) Violation of the Americans with Disability Act ("ADA") (Sixth Cause of Action); (7) Violation of the First Amendment (Seventh Cause of Action); and (8) Complaint for Permanent Injunction (Eighth Cause of Action).

On March 3, 2010, Defendants Irma Cota, Phil Lenowsky, Kevin Ellis, George E. Lopez, Melissa Brown, Diane Seaberg, Rick Martinez, Adriana Andres-Paulson, Andres Martin, Clyde H. Beck, Jr., Emigdio Lopez-Ramirez (sued as Emilio Lopez-Ramirez), Shohre Zaheri, Walt Steffen, and North County Health Services (the "NCHS Defendants") filed a Motion to Dismiss for Failure to State a Claim Pursuant to FRCP 12(b)(6) and Motion to Strike Pursuant to FRCP 12(f). (Docket No. 27.)

On March 3, 2010, Defendant Superior Court also filed a motion to dismiss, which it later amended on March 19, 2010. (Docket No. 31.)

On April 15, 2010, Plaintiff filed a Motion to Amend Complaint, seeking leave to file a first amended complaint that adds defendants but does not change the substantive allegations. (Docket No. 39.)

Both parties filed oppositions and replies. The motions being fully briefed, the Court deemed the motions appropriate for determination on the papers without oral argument, pursuant to Local Rule 7.1.d.1.

**MOTIONS TO DISMISS**

The Superior Court and NCHS Defendants move to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). (Docket Nos. 27, 31.)

Under FRCP 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

I. **MOTION TO DISMISS BY DEFENDANT SUPERIOR COURT**

A. **Eleventh Amendment Immunity**

The Eleventh Amendment provides, in relevant part, "[t]he Judicial power [of the federal courts]... shall not... extend to any suit in law or equity... against one of the United States by Citizens of another State..." U.S. Const., Amend. XI. This provision grants sovereign immunity to States and "arms" of the State against suit in federal court. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53 (1996)(internal citations omitted); *Francechi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).

State courts, such as Defendant Superior Court in this case, are traditionally recognized as "arms" of the State for purposes of Eleventh Amendment immunity. *Id.* The Ninth Circuit has recognized, "the official name of the court is the Superior Court of the State of California; its geographical location within any particular county cannot change the fact that the court derives its power from the State and is ultimately regulated by the State." *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). Accordingly, Defendant Superior Court is entitled to Eleventh Amendment immunity.

However, not all claims are barred. A State or arm of the State may lose its immunity in federal court either through waiver or abrogation. *College Savs. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999). The Supreme Court has held that Congress validly abrogated the States' Eleventh Amendment immunity in enacting the ADA. *Tennessee v. Lane*, 541 U.S. 509, 530-31 (2004). Under his Sixth Cause of Action, Plaintiff alleges he is a disabled individual and certain misconduct by the Superior Court violated his rights under ADA. (Compl., pg. 11-12.) Therefore, the Court finds the Eleventh Amendment does not bar Plaintiff's Sixth Cause of Action.

In light of the above, the Court finds Plaintiff fails to state a claim for relief against the Superior Court under his First, Second, Third, Fourth, Fifth, Seventh and Eighth Causes of Action, as those claims are barred by the Eleventh Amendment. Because no amendment can correct this deficiency, these claims against the Superior Court are dismissed with prejudice.

B. **Sixth Cause of Action (Violation of the Americans with Disability Act)**

Under his Sixth Cause of Action, Plaintiff generally alleges he is disabled within the meaning of the ADA and the Superior Court's misconduct violated his rights thereunder. (Compl., 11:27-28.)

Plaintiff alleges the Superior Court wrongfully denied him "[the] right to defend himself, view court files, clerks of the court refused to file documents, at times refused to allow plaintiff to enter the court, mocked and humiliated him in the court even in the courtroom." (Compl., 12:10-12.) The crux of Plaintiff's Sixth Cause of Action is, therefore, injury allegedly arising from the State Court Action.

Federal courts, however, lack jurisdiction to review state court judgments or rulings pursuant to the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine recognizes that, while parties may appeal state court decisions to the state's highest court, and then to the United States Supreme Court if a federal constitutional issue is present, "horizontal" review of state court decisions is prohibited. *Rooker*, 263 U.S. at 415-16. The rule applies where, as here, the challenge is anchored to alleged violations of federally protected rights. *Worldwide Church of God v. McNair*, 805 F.2d 888, 891-92 (9th Cir. 1986); *see also Brumbaugh v. California Superior Court*, 259 Fed. Appx. 10 (9th Cir. 2007) (applying the *Rooker-Feldman* doctrine because the plaintiff's disability discrimination claims amounted to de facto appeals seeking relief from state court orders and judgements); *Gimbel v. California*, 308 Fed. Appx. 124, 126 (9th Cir. 2009) (applying *Rooker-Feldman* doctrine to First Amendment claim under Section 1983, based on restraining order issued in state court).

District courts also lack jurisdiction under *Rooker-Feldman* to scrutinize a state court's application of various rules and procedures in a state case. *Allah v. Superior Court*, 871 F.2d 887, 891 (9th Cir. 1989); *Worldwide Church of God*, 805 F.2d at 892. The Ninth Circuit has recognized that the *Rooker-Feldman* doctrine applies where claims are so "inextricable intertwined" with a state court action that the "district court must hold that the state court was wrong in order to find in favor of the plaintiff." *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) .

Plaintiff's Sixth Cause of Action in this case is based on a perceived wrong committed by the Superior Court in connection with the State Court Action. Plaintiff complains about being denied access to view his case file, not being permitted to testify during a hearing to seal documents, and the general treatment he received while in the courtroom. (Compl., 12:10-12.) These claims essentially seek a direct review of the State Court's rulings and the State Court's application of its own rules and procedure. Such review is expressly prohibited under *Rooker-Feldman*. At the very least, these claims

are "inextricably intertwined" with the ongoing State Court Action such that jurisdiction is barred, in any event, under *Rooker-Feldman.*

In his opposition, Plaintiff includes additional allegations of alleged misconduct relating to a separate wrongful eviction proceeding titled *Sanchez v. Bergenson's Properties, et al.*, San Diego Superior Court, Case No. 37-2007-00056088. (Opp., pg. 3.) However, similar to the above, these allegations seek review of a State Court's rulings and, therefore, are barred under the *Rooker-Feldman* doctrine.

Accordingly, the Court finds it lacks jurisdiction to provide the relief Plaintiff seeks under the Sixth Cause of Action. Similar to the above, no amendments can correct this deficiency. Accordingly, the Superior Court's Motion to Dismiss is GRANTED and all claims asserted against the Superior Court in this action are DISMISSED WITH PREJUDICE. The other bases of the Superior Court's motion to dismiss are denied as moot.

## II. MOTION TO DISMISS BY NCHS DEFENDANTS

The remaining defendants are the NCHS Defendants, which include NCHS and various employees, directors, officers and other individuals associated with NCHS.[3] Plaintiff asserts the Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action against the NCHS Defendants. As set forth below, Plaintiff's claims are insufficiently pled and, thus, are DISMISSED WITHOUT PREJUDICE.

### A. Third Cause of Action (Violation of the Fourteenth Amendment)

The Fourteenth Amendment provides, in relevant part, no "State [shall] deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV.  By its terms, as confirmed by the United States Supreme Court, the Fourteenth Amendment applies only to conduct by the State or State entities. *Shelley v. Kraemer,* 334 U.S. 1, 13 (1948) (the "Amendment erects no shield against merely private conduct, however discriminatory or wrongful."); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974) (there must be a "sufficiently close nexus between the state and the challenged action... so

---

[3] Although Plaintiff also sues these individuals in their individual capacity, Plaintiff fails to allege any conduct by these individuals in their individual capacity. Therefore, pursuant to FRCP 12(b)(6), Plaintiff's claims against these individuals in their individual capacity are dismissed for failing to state a claim for relief. Plaintiff's other claims against these individuals while in their official capacity are addressed herein in connection with NCHS.

that the action... may be fairly treated as that of the State itself).

The pivotal inquiry, therefore, is whether NCHS is a State entity or "arm" of the State. In his Complaint, Plaintiff alleges NCHS is "a state agency," but provides no supporting basis. (Compl., 2:5.) In his opposition, Plaintiff argues the Fourteenth Amendment applies because NCHS is almost fully supported by public funds. (Opp., pgs. 10-11.) Although not specified, Plaintiff appears to cite information found on NCHS' website. Even if this information is true, however, it does not necessarily mean there is a close enough nexus between NCHS and the State such that NCHS' actions can be construed as that of the State. Plaintiff fails to allege that NCHS had an exclusive arrangement with the State, was performing in a heavily state-regulated area, or had a governmentally protected monopoly such as a utility. *Jackson*, 419 U.S. at 350-51 (recognizing that acts of a heavily regulated utility with at least something of a monopoly will more readily be found to be "state" acts than those by an entity lacking these characteristics). Plaintiff also fails to allege NCHS is operated or controlled by state officials or that some other interdependent relationship exists; the mere receipt of public funds, even if true, is not sufficient. *See, e.g., Scott v. Eversole Mortuary*, 522 F.2d 1110, 1114 (9th Cir. 1975). Therefore, Plaintiff fails to sufficiently plead that NCHS is an arm of the State and, thus, cannot assert an alleged violation of the Fourteenth Amendment against the NCHS Defendants.

Notwithstanding the above, the Court finds that Plaintiff's Third Cause of Action fails for the additional and independent reason that Plaintiff fails to allege any misconduct under the Third Cause of Action specific to the NCHS Defendants.

Accordingly, the NCHS Defendants' motion to dismiss is GRANTED as to the Third Cause of Action.

### B.    Fourth Cause of Action (Defamation)

Plaintiff alleges the court documents, including the TRO, that the NCHS Defendants filed in the State Court Action constituted defamation. (Compl., 9:16-18.)

"The litigation privilege shields any 'publication or broadcast' made 'in any... judicial proceeding." *A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal. App.4th 1118, 1126 (2006); see also Cal. Civ. Code § 47. The litigation privilege extends to "any communication, not just a publication... and to all torts other than malicious prosecution." *Id.* The

litigation privilege is absolute and bars all causes of action, other than a claim for malicious prosecution, including those asserted in federal court. *Rohde v. Wolf*, 154 Cal.App.4th 28, 38 (2007); *Morales v. Coop. of Am. Physicians, Inc.*, 180 F.3d 1060, 1062 (9th Cir. 1999).

By Plaintiff's own allegations, Plaintiff's defamation claim arises from communications and publications made in the State Court Action. (Compl., 9:16-18.) Therefore, the litigation privilege applies and bars Plaintiff's Fourth Cause of Action in this case.

Notwithstanding, the Court finds that Plaintiff's Fourth Cause of Action fails for the additional and independent reason that Plaintiff fails to allege the elements necessary for a defamation claim. *See* 5 Witkins, Summary 10th (2005) Torts § 529, pg. 782 (the tort of defamation requires (1) a publication, (2) that is false, (3) defamatory, and (4) unprivileged, and that (5) has a natural tendency to injure or that causes special damage). Therefore, Plaintiff's claim fails to state a claim upon which relief may be granted.

Accordingly, the NCHS Defendants' motion to dismiss is GRANTED as to the Fourth Cause of Action.

### C. Fifth Cause of Action (Harassment)

Under his Fifth Cause of Action, Plaintiff alleges the NCHS Defendants harassed him by sending him a letter terminating their services to him and by filing a police report against him. (Compl., 10:18-27.)

A legally cognizable claim for harassment exists only when tied to a statutory framework. *See, e.g.*, Cal. Civ. Code §§ 51.9, 1708.7; Code Civ. Proc. §§ 527.6, 646.9. There is no statutory or other authority recognizing a claim for harassment in this case. Even if one existed, Plaintiff's claim would still fail because he has not, and cannot, allege that the NCHS Defendants' conduct served no legitimate purpose or was unlawful (which is one of the required elements of a harassment claim). *Id.* A physician or clinic can lawfully withdraw from treatment of a patient upon reasonable notice. *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917 (2003).

Accordingly, the Court finds Plaintiff's harassment claim fails to state a claim upon which relief can be granted. The NCHS Defendants' motion to dismiss is GRANTED as to the Fifth Cause of Action.

### D.     Sixth Cause of Action (Violation of the Americans with Disability Act)

Plaintiff asserts his Sixth Cause of Action under Title II of the ADA. As Title II applies only to discrimination by public entities[4] and, as noted above, NCHS is not a public entity, the Court construes Plaintiff's claim as one under Title III of the ADA. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (allegations are to be liberally construed, especially when presented by a pro se litigant).

Title III of the ADA "prohibits discrimination against individuals 'on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation..." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008) (citing 42 U.S.C. § 12182(a)). A Title III claim requires Plaintiff to properly plead that "(1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Id.*

In this case, Plaintiff generally alleges he is disabled. In his Opposition to the Superior Court's motion to dismiss, Plaintiff argues his disability arises from injuries sustained on April 5, 2001 while carrying some boxes. (Opp. to Mot. Dismiss by Superior Court, pg. 7; Ex. 14-C-D.) According to Plaintiff, he "had a left L5-S1 laminotomy and disc excision" which required further surgeries. *Id.* The term disability is defined, in relevant part, as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Even if the additional information provided by Plaintiff is true, Plaintiff fails to explain how his alleged injury constitutes a disability within the meaning of the ADA. Indeed, Plaintiff's extensive daily activities suggest Plaintiff's injury does not constitute an "impairment that substantially limits one or more major life activit[y]." (Opp., pgs. 9-10.)

Plaintiff has also failed to sufficiently plead that the NCHS Defendants discriminated against Plaintiff within the meaning of the ADA. The only act alleged is that the NCHS Defendants terminated services to him. (Compl., pg. 12.) Plaintiff fails to allege any connection between the termination and his alleged disability.

---

[4] See 42 U.S.C. § 12132.

Accordingly, the Court finds Plaintiff's ADA claim fails to state a claim upon which relief may be granted. The NCHS Defendants' motion to dismiss is GRANTED as to the Sixth Cause of Action.

### E. Seventh Cause of Action (Violation of the First Amendment)

The First Amendment protects individuals from government infringement on speech, not private infringement. *Hudgens v. NLRB,* 424 U.S. 507, 513 (1976); *George v. Pacific-CSC Work Furlough,* 91 F.3d 1227, 1229 (9th Cir. 1996). As noted, NCHS is not a government entity. Therefore, the NCHS Defendant's alleged misconduct is purely private action. Accordingly, the Court finds that Plaintiff's Seventh Cause of Action fails to state a claim upon which relief may be granted.

The NCHS Defendants' motion to dismiss is GRANTED as to the Seventh Cause of Action.

### F. Eighth Cause of Action (Permanent Injunction)

Plaintiff's Eighth Cause of Action asserts a claim for permanent injunction. However, Plaintiff does not specify the conduct he seeks to enjoin, and the only misconduct alleged under the claim relates to the State Court Action. (Compl., 13:10-18.)

"[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 312 (1982) (internal citation omitted). A plaintiff seeking permanent injunctive relief must show the existence of a past violation and the threat of continuing violations. *MAI Sys. Corp. v. Peak Computer, Inc.,* 991 F.2d 511, 520 (9th Cir. 1993). Pursuant to the Anti-Injunction Act, however, a federal court may not enjoin proceedings in a state court except where expressly authorized by Congress, where necessary in aid of its jurisdiction, or to protect its judgments. 28 U.S.C. § 2283. "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 287 (1970).

As detailed above, the Court finds that Plaintiff fails to plead the existence of a past violation. Notwithstanding, the Eighth Cause of Action also fails to plead the existence of a continuing violation. As such, the Court finds that the Eighth Cause of Action fails to state a claim for relief. To the extent Plaintiff seeks to enjoin enforcement of the TRO issued in the State Court Action, this Court is clearly without jurisdiction to do so, pursuant to the Anti-Injunction Act codified in 28 U.S.C. § 2283.

Accordingly, the NCHS Defendants' motion to dismiss is GRANTED as to the Eighth Cause of Action

## MOTION TO STRIKE

In light of the above, the NCHS Defendants' Motion to Strike is denied as moot.

## MOTION TO AMEND

Plaintiff seeks leave to file a first amended complaint that adds as defendants Ms. Murano and various individuals associated with Defendant Superior Court.

Although Federal Rule of Civil Procedure 15(a) provides that leave to amend is permitted once "as a matter of course," such amendment must occur within 21 days of service of a FRCP 12(b)(6) motion. Fed. R. Civ. P. 15(a). Where, as here, more than one FRCP 12(b)(6) motion is filed, the 21-day period commences with the earliest filed motion. *See* Comment to 2009 Amendments to Rule 16 (stating that the 21-day periods are not cumulative). As the earliest FRCP 12(b)(6) motion was filed on March 3, 2010, but Plaintiff's Motion to Amend was not filed until April 15, 2010, Plaintiff does not have the right to amend "as a matter of course," but rather must obtain leave from this Court. The result would be the same even if the Court were to take into account Plaintiff's prior attempt on April 5, 2010 to file a motion to amend.[5]

"The Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors relevant to this determination include undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

As detailed above, the Court finds that Plaintiff's allegations do not state a claim upon which relief should be granted. Plaintiff's allegations lack specificity, fail to plead the necessary elements, and, in any event, certain claims are barred. Plaintiff's proposed amendments do not correct these deficiencies and are clearly insufficient. Plaintiff proposes to add as defendants certain individuals employed by Defendant Superior Court. These individuals, however, are entitled to the same Eleventh

---

[5] The Court rejected the earlier motion because it lacked a supporting memorandum of points and authorities as required by the Local Rules. (Docket No. 34.)

Amendment immunity as the Superior Court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 91 (1984) (Eleventh Amendment immunity also bars suits against state employees where the State is the "real, substantial party in interest"); *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003) (applying absolute judicial immunity to court officials who perform functions integral to the judicial process). Additionally, jurisdiction in this Court would be barred under the *Rooker-Feldman* doctrine, as detailed above. Therefore, granting Plaintiff leave to name these individuals as defendants would be futile.

Similarly, with respect to Ms. Murano, the same findings set forth above with respect to the NCHS Defendants, apply equally to her.[6] As the Court finds those allegations insufficient against the NCHS Defendants, the Court also finds those allegations insufficient against Ms. Murano. Accordingly, granting leave to name Ms. Murano as a defendant would be futile.

The futility of amendment in this case outweighs the other *Forman* factors. In *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937 (2009), the Supreme Court instructed courts to draw on their judicial experience and common sense to determine whether well-pleaded facts permit the inference of more than a mere possibility of misconduct. *Id.* at 1949-50. Court must examine well-pleaded, non-conclusory factual allegations to determine whether they plausibly give rise to an entitlement of relief. *Id.* at 1950. Nothing in Plaintiff's proposed amendments corrects the Complaint's deficiencies or warrants an inference of misconduct.

Accordingly, Plaintiff's Motion to Amend is **DENIED**.

As detailed above, the Court dismisses Plaintiff's claims against Defendant Superior Court **WITH PREJUDICE**, as Plaintiff's claims are clearly barred by the Eleventh Amendment immunity and/or Rooker-Feldman doctrine; no corrections in Plaintiff's Complaint can correct these deficiencies. However, such immunity and doctrine do not apply to the NCHS Defendants, as NCHS is not an arm of the State. Instead, the Court dismisses Plaintiff's claims against the NCHS Defendants on the grounds that such claims fail to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Bell Atlantic*, 550 U.S. at 556-57. As it is not clear at this stage of the

---

[6] Ms. Murano is the Vice President of Operations of NCHS. (RJN, Ex. 4-16.)

case whether Plaintiff can correct these deficiencies, the Court dismisses these claims against the NCHS Defendants **WITHOUT PREJUDICE** and grants Plaintiff leave to amend his complaint. Plaintiff is granted leave ONLY to correct his allegations against the NCHS Defendants. Plaintiff must file and serve such amended complaint **no later than June 11, 2010**, or the claims against the NCHS Defendants will be dismissed.

## EVIDENTIARY OBJECTIONS

To the extent not inconsistent with the above, the Court overrules any evidentiary objections.

## CONCLUSION

In light of the above, the Court **DENIES** Plaintiff's motion to amend (Docket No. 39) and **GRANTS** Defendants' motions to dismiss (Docket Nos. 31, 27). The claims against Defendant Superior Court in this case are **DISMISSED WITH PREJUDICE**. The claims against Defendants Irma Cota, Phil Lenowsky, Kevin Ellis, George E. Lopez, Melissa Brown, Diane Seaberg, Rick Martinez, Adriana Andres-Paulson, Andres Martin, Clyde H. Beck, Jr., Emigdio Lopez-Ramirez (sued as Emilio Lopez-Ramirez), Shohre Zaheri, Walt Steffen, and North County Health Services (the "NCHS Defendants") are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may amend his Complaint to correct the deficient allegations against the NCHS Defendants ONLY, as detailed above, but must file such amended complaint no later than **no later than June 11, 2010**.

IT IS SO ORDERED.

Date: 5/27/2010

Hon. Roger T. Benitez
United States District Court Judge