FILED

10 AUG 30 AM 11: 38

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO SANCHEZ,<br><br>                             Plaintiff,<br>vs.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SAN DIEGO NORTH COUNTY DIVISION; et al.,<br><br>                            Defendants. | CASE NO. 10-cv-0218 BEN (WVG)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND CLOSING CASE<br><br>[Docket No. 49] |

       Currently before the Court is Defendants' Motion to Dismiss First Amended Complaint for Failure to State a Claim Pursuant to FRCP 12(b)(6) and Motion to Strike Pursuant to FRCP 12(f) ("Motion"). (Docket No. 49.) For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

       This action arises from the termination of health services provided by a health care clinic and various events occurring in a related civil action in San Diego Superior Court.

       On January 28, 2010, Plaintiff initiated this action against North County Health Services ("NCHS") and various individuals associated with NCHS, including Irma Cota, Phil Lenowsky, Kevin Ellis, George E. Lopez, Melissa Brown, Diane Seaberg, Rick Martinez, Adriana Andres-Paulson, Andres Martin, Clyde H. Beck, Jr., Emigdio Lopez-Ramirez (sued as Emilio Lopez-Ramirez), Shohre

Zaheri, Walt Steffen (together, the "NCHS Defendants"). (Docket No. 1) Plaintiff also named the San Diego Superior Court as a defendant. *Id.*

In his complaint, Plaintiff alleges NCHS wrongfully terminated its health services to Plaintiff. Plaintiff also alleges misconduct in a state court action ("State Court Action") initiated by NCHS against Plaintiff, wherein NCHA alleged harassment and obtained a temporary restraining order ("TRO") against Plaintiff. Plaintiff alleges he was never served with NCHS' complaint in that action and was never served with a copy of the TRO papers prior to the hearing. (First Am. Compl., pg. 4.) Plaintiff alleges he visited the Superior Court to view his case file, but was denied access. (First Am. Compl., pg. 5.) Plaintiff further alleges he appeared at the TRO hearing but the State Court Judge did not permit him to testify, granted the ex parte motion without moving papers, and sealed certain "public documents" after "making back alley deals" with NCHS. (First Am. Compl., pgs. 5-6.) Plaintiff alleges he was denied an opportunity to defend himself and denied access to the courts. (First Am. Compl., pgs. 6-7.) Plaintiff further alleges he is a disabled, Hispanic individual and Defendants' misconduct constituted harassment, defamation, racial discrimination and discrimination against disabled individuals. *Id.*

On May 27, 2010, the Court entered an order dismissing with prejudice all claims asserted against defendant San Diego Superior Court and dismissing without prejudice all claims asserted against the NCHS Defendants. (Docket No. 47.) The Court granted leave only to amend those claims already asserted against the NCHS Defendants. *Id.* The Court expressly denied leave to amend any claim asserted against the San Diego Superior Court and denied leave to add as defendants Tiffani Mauro and various individuals employed by the San Diego Superior Court. *Id.*

Nonetheless, on June 11, 2010, Plaintiff filed a First Amended Complaint that not only amended the claims asserted against the NCHS Defendants, but also continued to assert claims against the San Diego Superior Court. (Docket No. 48.) The First Amended Complaint also added, without authorization, Tiffani Mauro and various individuals employed by the San Diego Superior Court as defendants in this case. *Id.*

On July 1, 2010, the NCHS Defendants filed a motion to dismiss the First Amended Complaint. (Docket No. 49.) Plaintiff filed an opposition, and the NCHS Defendants filed a reply.

1  (Docket Nos. 59, 62.)

2  For the reasons set forth below, the NCHS Defendants' Motion is **GRANTED**.

## DISCUSSION

Pursuant to the Court's May 27, 2010 order, the NCHS Defendants are the only remaining defendants under the First Amended Complaint. Therefore, this order only addresses the claims asserted against those defendants.

The First Amended Complaint asserts the following claims against the NCHS Defendants:[1] (1) Violation of the Fourteenth Amendment (Third Cause of Action); (2) Defamation (Fourth Cause of Action); (3) Harassment (Fifth Cause of Action); (4) Violation of the Americans with Disabilities Act ("ADA") (Sixth Cause of Action); (5) Violation of the Unruh Civil Rights Act (Seventh Cause of Action); (6) Violation of the First Amendment (Eighth Cause of Action); (7) Violation of HIPPA (Ninth Cause of Action); and (8) Complaint for Permanent Injunction (Tenth Cause of Action).

The NCHS Defendants move to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 49.) Under Rule 12(b)(6), dismissal is appropriate if a cause of action fails to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

### I. THIRD CAUSE OF ACTION: VIOLATION OF THE FOURTEENTH AMENDMENT

The Fourteenth Amendment provides, in relevant part, no "State [shall] deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. By its terms, the Fourteenth Amendment applies only to conduct by the State or State entities. *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) (the "Amendment erects no shield against merely private conduct, however discriminatory or wrongful."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) (there must be a "sufficiently close nexus

---

[1] Plaintiff does not dispute that the First and Second Causes of Action for denial of access to courts and racial discrimination, respectively, are only asserted against the San Diego Superior Court. Because the Court previously dismissed those claims with prejudice (Docket No. 47), the Court does not address them here.

between the state and the challenged action. . . so that the action. . . may be fairly treated as that of the State itself).

The pivotal inquiry, therefore, is whether NCHS is a State entity or "arm" of the State. In the First Amended Complaint, Plaintiff alleges NCHS is "a Non-Profit 501C3 Corporation." (First Am. Compl., 3:2, 8:16, 11:12.) In his opposition, Plaintiff argues the Fourteenth Amendment applies because NCHS is almost fully supported by public funds. (Opp., pgs. 12-16.) Even if true, however, the receipt of public funds does not automatically transform a private entity into a government entity. *See, e.g., Mendez v. Belton*, 739 F.2d 15, 18 (1st Cir. 1984) ("extensive government regulation and the receipt of [federal] construction funds, Medicare and Medicaid funds, and tax-exempt status do not transform an otherwise private hospital into a government actor.") Rather, additional characteristics must be present, such as an exclusive arrangement with the State, performing in a heavily state-regulated area, or performing under a governmentally protected monopoly. *Jackson*, 419 U.S. at 350-51 (recognizing that acts of a heavily regulated utility with at least something of a monopoly will more readily be found to be "state" acts than those by an entity lacking these characteristics).

In his amended complaint, Plaintiff alleges "NCHS is a monopoly." (First Am. Compl., 11:12.) Plaintiff's allegation is generic and conclusory; therefore, the Court need not accept it as true without further support. *Bell Atl.*, 550 U.S. at 555 (". . . a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. . .") To support his allegation, Plaintiff cites NCHS' website which states NCHS has over eleven other health centers in San Diego County. This evidence, however, also is insufficient to show NCHS is a monopoly for purposes of Fourteenth Amendment protection. There is no evidence that NCHS was granted exclusive control by the State to provide these health services or that some other interdependent relationship exists; an alleged exclusive contract with certain hospitals is not sufficient. *See, e.g., Scott v. Eversole Mortuary*, 522 F.2d 1110, 1114-15 (9th Cir. 1975). The Court finds Plaintiff has, therefore, failed to correct the deficiencies first outlined in May 27, 2010 order.

As Plaintiff has failed to show that further amendment would correct the deficiencies outlined above, the Court dismisses the Third Cause of Action with prejudice.

## II. FOURTH CAUSE OF ACTION: DEFAMATION

Under the Fourth Cause of Action, Plaintiff alleges the court documents, including the TRO, filed in the State Court Action by the NCHS Defendants constituted defamation. (First Am. Compl., pgs. 16-18.)

"The litigation privilege shields any 'publication or broadcast' made 'in any. . . judicial proceeding." *A.F. Brown Elec. Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal. App. 4th 1118, 1126 (2006); see also Cal. Civ. Code § 47. The litigation privilege extends to "any communication, not just a publication. . . and to all torts other than malicious prosecution." *Id.* The litigation privilege also extends to steps taken prior to or after the litigation. *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057-58 (2006). The litigation privilege is absolute and bars all causes of action, other than a claim for malicious prosecution, including those asserted in federal court. *Rohde v. Wolf*, 154 Cal. App. 4th 28, 38 (2007); *Morales v. Coop. of Am. Physicians, Inc.*, 180 F.3d 1060, 1062 (9th Cir. 1999).

By Plaintiff's own allegations, even as amended in the First Amended Complaint, Plaintiff's defamation claim arises from communications and publications made in the State Court Action. (First Am. Compl., pgs. 16-18.) Therefore, the litigation privilege applies and bars Plaintiff's Fourth Cause of Action in this case.

The Court also finds that, despite being granted an opportunity to amend, Plaintiff's Fourth Cause of Action still fails to allege the elements necessary for a defamation claim. A defamation claim requires Plaintiff to sufficiently plead: (1) a publication, (2) that is false, (3) defamatory, and (4) unprivileged, and that (5) has a natural tendency to injure or that causes special damage. See 5 Witkins, Summary 10th (2005) Torts § 529, pg. 782. Here, Plaintiff does not allege which statements were false or how those statements had a natural tendency to injure or cause special damage. Plaintiff instead relies on the NCHS Defendants' failure to obtain a permanent restraining order in the State Court Action as evidence of the NCHS Defendants' misconduct. (First Am. Compl., pg. 18.) This evidence, even if true, is insufficient.

In light of the above, the Court finds that, despite being granted leave to amend, Plaintiff has still failed to correct the deficiencies first outlined in the May 27, 2010 order. Accordingly, the Fourth

Cause of Action is dismissed with prejudice.

### III.  FIFTH CAUSE OF ACTION: HARASSMENT

Under his Fifth Cause of Action, Plaintiff alleges the NCHS Defendants harassed him by sending him a letter terminating their services to him and by filing the State Court Action against him. (First Am. Compl., pgs. 17-18.) Plaintiff also alleges misconduct based on the NCHS Defendants' alleged use of personal medical information in the State Court Action.

A legally cognizable claim for harassment exists only when tied to a statutory framework. *See, e.g.*, Cal. Civ. Code §§ 51.9, 1708.7; Cal. Civ. Proc. Code §§ 527.6, 646.9. There is no statutory or other authority recognizing a claim for harassment in this case. Even if one existed, Plaintiff's claim would still fail because he has not alleged, and cannot allege, that the NCHS Defendants' conduct served no legitimate purpose or was unlawful (one of the required elements of a harassment claim). *Id.* A physician or clinic can lawfully withdraw from treatment of a patient upon reasonable notice. *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917 (2003). The alleged use of Plaintiff's medical records also cannot serve as basis for his claim because Plaintiff concedes these records were sealed and, therefore, not available for public viewing. (First Am. Compl., 11:20-23). Accordingly, the Court finds Plaintiff has failed to state a claim for harassment.

Despite being granted leave to amend, the Court notes Plaintiff has still not corrected the deficiencies first outlined in the Court's May 27, 2010 order. Therefore, the Court dismisses the Fifth Cause of Action with prejudice.

### IV.  SIXTH CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITY ACT

Plaintiff asserts his Sixth Cause of Action under Title II of the ADA. Because Title II applies only to discrimination by public entities[2] and, as noted above, NCHS is not a public entity, the Court construes Plaintiff's claim as one under Title III of the ADA. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (allegations are to be liberally construed, especially when presented by a pro se litigant).

Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

---

[2] See 42 U.S.C. § 12132.

accommodations of any place of public accommodation. . ." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008) (citing 42 U.S.C. § 12182(a)). A Title III claim requires Plaintiff to properly plead that "(1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Id.*

In the First Amended Complaint, Plaintiff generally alleges he is disabled. (First Am. Compl., 19:10.) In the Court's May 27, 2010 order, the Court noted this generic allegation was insufficient to state a claim under the ADA because Plaintiff failed to explain how he was disabled within meaning of the ADA. (Docket No. 47, 9:11-10.) In his Opposition to the Motion currently before the Court, Plaintiff fails to address this issue or explain how he is disabled. Plaintiff also fails to explain how the NCHS Defendants discriminated against him as a disabled person; the only act alleged is that the NCHS Defendants terminated services to him allegedly because Plaintiff filed too many internal complaints. (First Am. Compl., 20:1-3, 21:19-21; Opp., 22:5-7.)

Accordingly, the Court finds Plaintiff's ADA claim fails to state a claim upon which relief may be granted. Despite being granted leave to amend, the Court notes Plaintiff has still not corrected the above deficiencies which were first outlined in the Court's May 27, 2010 order. Therefore, the Court dismisses the Sixth Cause of Action with prejudice.

### V. EIGHTH CAUSE OF ACTION: VIOLATION OF THE FIRST AMENDMENT

The First Amendment protects individuals from government, not private, infringement on speech. *Hudgens v. NLRB,* 424 U.S. 507, 513 (1976); *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996). As noted, NCHS is not a government entity. Therefore, the NCHS Defendants' alleged misconduct is purely private action. Accordingly, the Court finds that Plaintiff's Seventh Cause of Action fails to state a claim upon which relief may be granted.

As no amendment may correct this deficiency, the Court dismisses the Eighth Cause of Action with prejudice.

### VI. TENTH CAUSE OF ACTION: PERMANENT INJUNCTION

Plaintiff's Tenth Cause of Action asserts a claim for permanent injunction. Specifically, Plaintiff seeks an order enjoining NCHS from "dumping patients and drumming up false accusations

against patients to justify their illegal actions and conduct." (First Am. Compl., 26:24-25.) Plaintiff also seeks an order prohibiting "disability and racial discrimination, harassment and [forcing] NCHS to understand that every business in the state of California must comply with state and federal laws and regulations." (*Id.*, 26:26-28.)

As this Court noted in its May 27, 2010 order, "the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (internal citation omitted). A plaintiff seeking permanent injunctive relief must show the existence of a past violation and the threat of continuing violations. *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993).

As detailed in this Order, the Court finds that Plaintiff has failed to sufficiently plead the existence of a past violation or the threat of continuing violations by the NCHS Defendants. As such, Plaintiff has not stated a claim for injunctive relief against these defendants. Because Plaintiff has failed to cure these deficiencies through amendments previously allowed, the Court dismisses the Tenth Cause of Action with prejudice.

### VII. SEVENTH AND NINTH CAUSES OF ACTION

The Seventh and Ninth Causes of Action assert claims for violation of the Unruh Civil Rights Act and violation of the Health Insurance Portability and Accountability Act ("HIPAA"), respectively. Plaintiff did not obtain leave to add these causes of action, in violation of Federal Rule of Civil Procedure 15(a)(2). Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave"). Accordingly, these claims are dismissed.

To obtain leave to add these causes of action, Plaintiff would have to show, among other things, lack of futility. *Forman v. Davis*, 371 U.S. 178, 182 (1962). To state a claim under the Unruh Civil Rights Act, a plaintiff must allege facts showing he or she was discriminated against based on sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status or sexual orientation. Cal. Civ. Code § 51. In this case, Plaintiff alleges the NCHS Defendants discriminated against him and his family for being disabled. (First Am. Compl., pgs. 23-24.) As noted above, however, Plaintiff has failed to explain how he and his family are disabled or to link the disability to the alleged discrimination. Merely stating that Plaintiff and his family are disabled and

they were "dumped" by NCHS is not sufficient to survive Rule 12(b)(6) dismissal. *Bell Atl.*, 550 U.S. at 555 (". . . a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. . ."). To the extent Plaintiff asserts a general right of patients to have access to NCHS' services, Plaintiff has likewise failed to show that such actions violate the Unruh Civil Rights Act. *See Scripps Clinic*, 108 Cal. App. 4th at 933-34 (termination of care after patient filed a medical malpractice complaint against the clinic physicians did not constitute the kind of discrimination that the Unruh Civil Rights Act was meant to preclude). Accordingly, the Court finds that leave to add the Seventh Cause of Action would have been futile. As such, the Court dismisses the Seventh Cause of Action with prejudice.

The Ninth Cause of Action asserts a claim for violation of HIPAA. HIPAA protects against, among other things, the dissemination of a patient's medical information. Pub. L. 104-191, 110 Stat. 1936 (codified as amended in various sections of title 42 of the United States Code). The Ninth Circuit has recognized, however, that HIPAA provides for no private right of action. *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1080-81 (9th Cir. 2007). Nevertheless, to support his claim, Plaintiff alleges the NCHS Defendants violated HIPAA by "taking information from his medical chart" for use at the TRO hearing in the State Court Action. (First Am. Compl., 26:8-11.) The NCHS Defendants contend that the only information used was Plaintiff's sex, height, weight, hair color, eye color, race, age, and date of birth, all of which were necessary for the TRO petition so as to identify Plaintiff as the person thereunder. (P & A, pg. 14; RJN [Docket No. 49-5], Ex. 3.) No information regarding health history or private medical information was used. *Id.* Plaintiff does not contest these statements or otherwise dispute that no protected medical information was used in the State Court Action. Accordingly, the Court finds that leave to add the Ninth Cause of Action would have been futile. As such, the Court dismisses the Ninth Cause of Action with prejudice.

## MOTION TO STRIKE

In light of the above, the NCHS Defendants' Motion to Strike is denied as moot.

## CONCLUSION

The Court **GRANTS** the NCHS Defendants' Motion to Dismiss (Docket Nos. 49). Because Plaintiff has failed to correct the above deficiencies through amendments previously allowed and

further amendment would be futile, the Court denies leave to amend. Therefore, all claims asserted against NCHS and the individuals associated with NCHS, namely Defendants Irma Cota, Phil Lenowsky, Kevin Ellis, George E. Lopez, Melissa Brown, Diane Seaberg, Rick Martinez, Adriana Andres-Paulson, Andres Martin, Clyde H. Beck, Jr., Emigdio Lopez-Ramirez (sued as Emilio Lopez-Ramirez), Shohre Zaheri, Walt Steffen, and North County Health Services (the "NCHS Defendants") are **DISMISSED WITH PREJUDICE**. As these claims and parties were the only ones remaining in the action, the Clerk of the Court is directed to enter judgment accordingly and close the file.

**IT IS SO ORDERED.**

Date: 8/30/2010

Hon. Roger T. Benitez
United States District Court Judge